BARBARA G. BLAUVELT, Plaintiff, *v.* JOHN BLAUVELT, an Incompetent, by JULIUS L. RASSNER, His Guardian ad Litem, Defendant.

Supreme Court, Special Term, Kings County, January 21, 1944.

*Abraham Kaplan* for plaintiff.

*Julius L. Rassner* for defendant.

RUBENSTEIN, J. Plaintiff sues to annul her marriage to defendant upon the ground that he " has been incurably insane for a period of five years or more " (Domestic Relations Law, § 7, subd. 5). This section provides in part as follows: " Provided, further, that judgment annulling a marriage on such ground shall not be rendered until in addition to any other proofs in the case a thorough examination of the alleged insane party shall have been made by three physicians who are recognized authorities on mental disease, to be appointed by the court, all of whom shall have agreed that such party is incurably insane and so reported to the court."

In pursuance thereof one of the justices of this court signed an order on August 14, 1942, appointing such physicians. The statutory examination has been made and the reports of the physicians have been filed. They are not in agreement. Two of the physicians have reported that the defendant for upwards of five years has been suffering from an incurable form of insanity. The third physician has reported that the defendant is not incurably insane. Plaintiff now moves to replace such " dissenting " physician with one who, she hopes, will agree with the majority. The guardian ad litem opposes such motion and has made a cross motion to dismiss the complaint for failure of proof. Plaintiff's motion may not be granted. The making of the order was a judicial act which may not be reviewed by this court. This is a statutory action. It is in derogation of the common law and the courts must insist upon strict compliance with the conditions imposed by the statute. Plaintiff has not met such burden for *all* physicians have not agreed and reported that the defendant is incurably insane.

For these reasons plaintiff's motion is denied and the action is dismissed for failure of proof. Settle orders on notice leaving blank space for guardian ad litem's fee which will be inserted by the court.