Angelo Dauge, Plaintiff, *v.* Rose Dauge, Defendant.

Supreme Court, Special Term, Albany County, July 2, 1952.

*Frank Pedlow* and *Nathaniel L. Goldstein, Attorney-General*
(*Thomas Burke* of counsel), for defendant.

*Thomas A. Allen* for plaintiff.

HAMM, J. The plaintiff seeks to annul his marriage with the
defendant on the ground of fraud and on the ground of the
defendant's incurable insanity for more than five years. At
the close of the hearing conducted at a Special Term of this
court the defendant's special guardian and the Attorney-General
moved for failure of proof to dismiss the cause of action based
on insanity.

The plaintiff and the defendant were married in 1929.
Between 1929 and 1936 seven children of the marriage were
born. In 1936 the defendant was adjudged a mental defective
and committed to the Rome State School at Rome, New York.
She has since been confined to the school except for a brief
furlough.

As to fraud the evidence is wholly insufficient. The following
questions and answers are the only evidence relating to the
allegations of the complaint that the defendant before marriage
misrepresented her mental condition:

" Q. Prior to the marriage did she represent to you that
she was normally, normal mentally? A. She was all right.

Q. She had no mental trouble? A. No trouble.

Q. And never been affected by any mental disease? A. No.

Q. Her actions were such you would not suspect that she
had any mental trouble? A. No."

The record contains no evidence that there was any misrep-
resentation. And even if misrepresentation had been disclosed,
there is still no corroborative testimony as required by section
1143 of the Civil Practice Act. (*Woronzoff-Daschkoff* v.
*Woronzoff-Daschkoff*, 303 N. Y. 506, 513; *de Baillet-Latour* v.
*de Baillet-Latour*, 301 N. Y. 428.)

As to the cause of action for annulment of the marriage on
the ground of incurable insanity for a period of five years or
more, paragraph (b) of subdivision 5 of section 7 of the Domestic
Relations Law provides:

" (b) Judgment annulling a marriage on such ground shall not be rendered until, in addition to any other proofs in the case, a thorough examination of the alleged insane party shall have been made by three physicians who are recognized authorities on mental disease, to be appointed by the court, *all of whom shall have agreed that such party is incurably insane and shall have so reported to the court.*" (Emphasis supplied.)

The report of the examining physicians states that the defendant " is permanently mentally deficient and is a moron and has been so for more than five years, and has been a mental defective since birth." Nowhere in the report is any reference made to insanity and, as a consequence, the statutory condition to judgment annulling the marriage because of incurable insanity has not been fulfilled.

" The statute under which this action is brought is in derogation of the common law and of the solemn obligations assumed by the parties to a marriage to take each other for better or for worse, in sickness or in health. The Legislature intended to throw around this new and drastic remedy the most complete safeguards. The courts should insist upon a strict compliance with the conditions imposed." (*Rostacher* v. *Rostacher,* 172 Misc. 86, 89.)

" This is a statutory action. It is in derogation of the common law and the courts must insist upon strict compliance with the conditions imposed by the statute." (*Blauvelt* v. *Blauvelt,* 182 Misc. 618, 619.)

It may be added also, although it is not necessary to do so, that the evidence produced at the trial was neither clear nor convincing.

For these reasons the motion to dismiss the cause of action based on insanity is granted. The cause of action based on fraud also is dismissed for failure of proof. An order may be submitted on three days' notice containing an allowance of $200 to the special guardian.